```
 1  Mitchell F. Boomer (State Bar No. 121441)
    S. Christine Young (State Bar No. 253964)
 2  JACKSON LEWIS LLP
    199 Fremont Street, 10th Floor
 3  San Francisco, California  94105
    Telephone: (415) 394-9400
 4  Facsimile: (415) 394-9401
    boomerm@jacksonlewis.com
 5  youngc@jacksonlewis.com

 6  Attorneys for Defendant
    INTERNATIONAL BUSINESS
 7  MACHINES CORP.
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. KAVITZ, | Case No. CV 08 5591 SBA |
| Plaintiff, | [PROPOSED] ORDER TRANSFERRING VENUE TO SOUTHERN DISTRICT OF NEW YORK |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation, | Complaint Filed: December 16, 2008<br>Trial Date: None set |
| Defendant. | |

After considering the moving and opposing papers, and the arguments of counsel, the Court rules as follows:

Under 28 U.S.C. § 1404(a), a district court has discretion to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness." (*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000) (internal citations omitted).) Section 1404(a) further provides that "for the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." 28 U.S.C. § 1404(a).

In determining whether transfer is appropriate, several public and private factors should be considered: (1) convenience of the parties; (2) conveniences of the witnesses; (3) ease of access to

evidence; (4) familiarity of each forum with the applicable law; (5) local interest in the controversy; (6) and the relative court congestion and time of trial in each forum. (*See Biswas v. HR Value Group, LLC,* 2002 U.S. Dist. LEXIS 19164 (N.D. Cal. Oct. 3, 2002) (internal citations omitted).)

Here, transferring this matter to the Southern District of New York is appropriate because the court has personal jurisdiction over Defendant IBM, as the company's principal place of business is in New York, and the majority of pertinent witnesses are located in the greater New York area, including current IBM employees who are likely to provide key testimony regarding the decision to reduce Plaintiff's 2006 commission. Convenience of witnesses represents one of the most important factors in considering a transfer motion. (*See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League,* 89 F.R.D. 497, 501 (C.D. Cal. 1981).) Here, not one of the witnesses – not even Plaintiff – resides in California and Plaintiff has not provided any competent evidence to refute the fact that the majority of witnesses who have knowledge of the decision to reduce Plaintiff's 2006 commission are located in the greater New York area.

While Plaintiff's choice of forum would ordinarily be entitled to limited deference, it deserves negligible deference in this case. (*Teknekron Software Systems, Inc. v. Cornell Univ.,* 1993 U.S. Dist. LEXIS 21337, (N.D. Cal. 1993) (finding that because the action's 'center of gravity' was in New York, where almost all the allegedly infringing activity occurred, the plaintiff's choice of forum was only entitled to limited deference).) "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or subject matter, the plaintiff's choice of forum is entitled to only minimal consideration." (*Jarvis v. Marietta Corp.,* (1999) U.S. Dist. LEXIS 12659 *6, 9.)

For the foregoing reasons, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. §1404(a), this matter shall be transferred to the United States District Court for the Southern District of New York.

IT IS FURTHER ORDERED _____

[PROPOSED] TRANSFERRING VENUE TO SOUTHERN DISTRICT OF NEW YORK    CASE NO. CV 08 5591 SBA

1
2  .
3
4
5  Dated: June 1, 2009

   _____
   Saundra Brown Armstrong
   District Court Judge

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] TRANSFERRING VENUE TO					CASE NO. CV 08 5591 SBA
SOUTHERN DISTRICT OF NEW YORK